# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL K. LAWRENCE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-9775** |
| **GREAT LAKES DREDGE & DOCK CO., LLC OF LOUISIANA** | **SECTION I** |

## ORDER & REASONS

Defendant Great Lakes Dredge & Dock Company, LLC ("GLDD") has filed several objections[1] to plaintiff Earl Lawrence's ("Lawrence") proposed trial exhibits.[2] After reviewing the exhibits at issue and considering the applicable Federal Rules of Evidence, the Court rules as follows:

### GLDD Employee Personnel Records

GLDD's first three objections are to the admissibility of records from the personnel files of GLDD employees Rodney Silas ("Silas"), Ruben Zamora ("Zamora"), and Bo Hannegan ("Hannegan").[3] According to the parties' proposed pretrial order, Silas, Zamora, and Hannegan were present when Lawrence was allegedly injured in connection with the incident underlying this lawsuit.[4]

---

[1] *See generally* R. Doc. No. 43.
[2] In his response, Lawrence withdrew several of the objected-to exhibits. The Court will only consider those exhibits that remain disputed.
[3] *See* R. Doc. No. 43, at 1.
[4] *See* R. Doc. No. 37, at 4, 29, 30.

GLDD argues that the records are irrelevant.[5] GLDD also argues that the records are inadmissible hearsay, and that this objection cannot be overcome by proper authentication; according to GLDD, the documents have not been authenticated thus far, and Silas, Zamora, and Hannegan are expected to testify via video deposition, so they cannot authenticate the records at trial.[6]

In response, Lawrence argues that the records are relevant to several issues in dispute, namely "[the] lack of relevant safety training and lack of familiarity and adherence to safety procedures by personnel directly involved in the job at issue in this lawsuit."[7] Lawrence also argues that authentication of the personnel records is unnecessary because GLDD produced them during discovery.[8] In fact, GLDD objects to several exhibits on improper authentication grounds, and Lawrence's response is the same for each one: without citing any authority, Lawrence states that there is no need to authenticate *any* document that GLDD produced in response to discovery requests.

"Authentication of a document is a condition precedent to its admission." *United States v. Ceballos*, 789 F.3d 607, 617 (5th Cir. 2015). Under Rule 901 of the Federal Rules of Evidence, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid.

---

[5] R. Doc. No. 43, at 2.
[6] R. Doc. No. 43, at 2, 3–4, 5–6; *see also* R. Doc. No. 37, at 29, 30.
[7] *See* R. Doc. No. 58, at 1–2.
[8] R. Doc. No. 58, at 1.

2

901(a). Notably, the Fifth Circuit does not require "conclusive proof of authenticity before allowing the admission of disputed evidence." *Ceballos*, 789 F.3d at 618 (quoting *United States v. Jimenez Lopez*, 873 F.2d 769, 772 (5th Cir. 1989)).

The mere fact that a document was produced by an opposing party during discovery, without more, is not conclusive of the document's authenticity. *Elwakin v. Target Media Partners Operating Co., LLC*, 901 F. Supp. 2d 730, 742 (E.D. La. Oct. 9, 2012) (Roby, M.J.) (citing *Railroad Mgmt. Co., L.L.C. v. CFS La. Midstream Co.*, 428 F.3d 214, 219–20 (5th Cir. 2005)). However, "a document may be authenticated by proof that it was produced in discovery" by the opposing party in combination with other factors, "such as the opposing party's failure to dispute the document's authenticity, the presence of the opposing party's signature, and the [fact that the] opposing party affirmed the truth of the document's contents in its own briefing." *Long v. C.M. Long, Inc.*, No. 15-2424, 2017 WL 9440685, at *5 (W.D. La. Mar. 15, 2017) (citing *Railroad Mgmt. Co.*, 428 F.3d at 219–20).

The Court cautions Lawrence that all documents will have to be properly authenticated before they can be admitted into evidence; the mere fact that GLDD produced a document during discovery, alone, will generally not be sufficient. Ultimately, the Court will defer determination of whether records from GLDD employees' personnel files are admissible until trial, at which time it will also address concerns related to Federal Rules of Evidence 401 and 403.⁹

---

⁹ Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

3

**Job Description and Physical Demand Analysis**

GLDD only objects to documents summarizing the job description and physical demand analysis for a watch engineer on a cutter suction dredge.[10] In addition to disputing whether the documents have been or will be properly authenticated at trial, GLDD argues that these documents are irrelevant because Lawrence was not working on a cutter suction dredge in December 2015, the date of the alleged incident and, furthermore, the documents "have nothing to do with the work being done by [Lawrence]" at that time.[11]

In response, Lawrence notes that the vessel that he was working on at the time of the alleged incident (the "vessel") is a booster barge "used to facilitate dredging operations on the dredge TEXAS, which is a cutter section [sic] dredge" and that he was working as a watch engineer on the date he was injured.[12] Lawrence's contention that he was a watch engineer is supported by the deposition testimony of Sherif Abdelgufar ("Abdelgufar"), who Lawrence describes as "GLDD's maintenance manager and the manager who assigned Kenny to work on the TEXAS JR at the time

---

presenting cumulative evidence." Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," assuming the fact "is of consequence in determining the action."

[10] R. Doc. No. 43, at 7. GLDD filed this objection in response to an exhibit listed in the pretrial order, which includes sixty pages of job descriptions and physical demand analyses for several positions. *See id.* However, in its opposition, Lawrence withdrew all pages of the exhibit except those discussed herein. R. Doc. No. 58, at 3 & n.1.

[11] R. Doc. No. 43, at 7. GLDD also argues that, even if the documents have been authenticated and are relevant, these documents should nonetheless be inadmissible at trial under Rule 403. *See id.* at 7–8.

[12] R. Doc. No. 58, at 3.

4

of the subject accident."[13] During his deposition, Abdelgufar referred to Lawrence as a watch engineer.[14]

Whether the proposed exhibit is relevant depends on several facts, such as whether Lawrence was indeed a watch engineer and, if the TEXAS JUNIOR is not a cutter suction dredge, whether the job description and physical job analysis are nonetheless applicable to the tasks Lawrence was performing on the date he was allegedly injured. The Court will defer its ultimate ruling on the issue until trial.

**X-rays**

GLDD objects to the admissibility of MRI images and X-rays of Lawrence's spinal cord stimulator hardware.[15] In addition to arguing that the images and X-rays have not been properly authenticated, according to GLDD, the imaging results were not produced during discovery.[16] As a result, its independent medical examiner has not been able to review and analyze them, which GLDD claims unduly prejudices it at trial.[17] Lawrence asserts that the imaging was not ordered until October 30, 2018; therefore, the images and X-rays could not have been produced during the discovery period.[18]

However, GLDD is now in possession of the images and X-rays. Because the trial date has been reset for February 25, 2019, GLDD has adequate time to provide

---

[13] *Id.*
[14] R. Doc. No. 58-1, at 2.
[15] R. Doc. No. 43, at 12.
[16] *Id.*
[17] *Id.*
[18] *See* R. Doc. No. 58, at 4.

5

the images and X-rays to its independent medical examiner for review. Assuming the same are authenticated at trial, this issue is resolved and the untimeliness objection is moot.

The parties may reopen the discovery period to exchange documents and expert reports by deadlines that they agree to between themselves. If the Court determines at trial that the images and/or X-rays are inadmissible, it will also decide at that time whether Lawrence may nonetheless use them for demonstrative purposes.

**Impeachment and Rebuttal Catch-all**

In the proposed pretrial order, Lawrence listed as an exhibit "[a]ny and all documents needed for impeachment and rebuttal testimony."[19] GLDD argues that this catch-all is not sufficiently descriptive and may contain documents that were never provided to GLDD before trial.[20] The Court agrees with GLDD about the broad and vague nature of this item on the exhibits list. Moreover, Lawrence has not offered any opposition to this objection. Accordingly, such objection is sustained.[21]

**GLDD's Indemnity and Liability Policy**

GLDD objects to the admissibility of its indemnity and liability company policy (the "policy") under Rule 411 of the Federal Rules of Evidence, which provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise

---

[19] R. Doc. No. 37, at 24.
[20] R. Doc. No. 43, at 12.
[21] Should there be good cause for not listing a specific document or documents for impeachment or rebuttal purposes, the Court will address any such evidence evidence at trial.

wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

GLDD asserts that there are no issues with respect to witness bias or prejudice nor any dispute about who owns the vessel, so there is no reason that the policy would be necessary to establish agency, ownership, or control at trial.[22] GLDD argues that the true purpose behind Lawrence's attempt to present the policy to the jury is to show GLDD's financial status and its ability to pay any damages awarded.[23] Because Lawrence has not filed an opposition to this objection explaining why the policy should be admitted at trial, the objection is sustained.

**Medical Invoices and Bills**

Finally, GLDD objects to the admissibility of any medical invoices or bills, arguing that they are irrelevant because maintenance and cure is not an issue in this case.[24] GLDD further argues that such invoices and bills are not only irrelevant but also unduly prejudicial to GLDD.[25] Lawrence has not filed any opposition to this objection and, in fact, he suggested in his own objections that maintenance and cure is not in dispute.[26] The Court therefore sustains the objection.

---

[22] *Id.* at 13.
[23] *Id.*
[24] *Id.* at 13–14.
[25] *Id.* at 14.
[26] *See* R. Doc. No. 44, at 2 (objecting to the admissibility of records demonstrating that GLDD has paid Lawrence's maintenance and cure because "GLDD was obligated to pay such under its cure obligation and once paid they are not a part of plaintiff's claim").

## CONCLUSION

**IT IS ORDERED** that Great Lakes Dredge & Dock Company, LLC's objections are **SUSTAINED IN PART, DISMISSED IN PART,** and **DEFERRED IN PART**, as stated herein.

New Orleans, Louisiana, November 19, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**