UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EARL K. LAWRENCE, JR.** | * | **C.A. NO. 17-9775** |
| | * | |
| **VERSUS** | * | **SECTION I** |
| | * | **JUDGE AFRICK** |
| **GREAT LAKES DREDGE & DOCK** | * | |
| **COMPANY, LLC OF LOUISIANA** | * | **DIVISION 1** |
| | * | **MAG. JUDGE van MEERVELD** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S REQUEST FOR SPECIAL JURY INSTRUCTIONS**

NOW INTO COURT, through undersigned counsel, comes plaintiff, EARL K. LAWRENCE, JR., who respectfully that this Honorable Court issue the following special jury instructions in addition to the Fifth Circuit Pattern Jury Instructions:

1. **Eggshell Skull Theory:**

A tortfeasor takes the victim as he finds him and is responsible in damages for consequences of his tort even though the damages are greater because of the victim's prior condition. When the defendant's negligent act aggravates a preexisting condition or injury, the victim is entitled to compensation for the full extent of the aggravation. *Koch v. United States*, 857 F.3d 267,274 (5th Cir. 2017).

2. **Contributory Negligence:**

A seaman is not contributorily negligent merely because he uses an unsafe tool or appliance or proceeds in an unsafe area of the ship. Only where it is shown that there existed a safe alternative available to him of which he knew or should have known, can a seaman's choice of an unsafe course of action properly be considered in determining whether he was negligent. *Williams v. Glob. Movible Offshore, Inc., CIV.A. 95-1689*, 1996 WL 560356, at \*3 (E.D. La. Oct. 1, 1996), aff'd, 121 F.3d 705 (5th Cir. 1997).

**3. Treating Physicians:**

In evaluating the testimony of medical experts of equal or nearly equal qualifications, considerable weight and importance must be attached to the relative opportunities for observation of the patient and familiarity with the patient. The testimony and opinions of treating physicians and specialists, who have had the benefit of repeated examinations and sustained observations of a patient under their direct care and treatment, are to be accorded greater weight and probative value than that of physicians who have not undertaken to treat the patient but who merely examine him for consultation or litigational purposes.  Cruise Ship and Maritime Litigation, Illustrative jury charges, 6 Litigating Tort Cases § 69:47 (Dittman, 2018); *see also Lopinto v. Crescent Marine Towing*, CIV.A. 02-2983, 2004 WL 1737901, at *5 (E.D. La. Aug. 2, 2004) (finder of fact accorded greater weight and probative value to treating physician).

WHEREFORE, plaintiff respectfully requests that this Honorable Court grant his Request for Special Jury Instructions.

Respectfully Submitted,

*/s/ Joseph B. Marino, III*
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
JOSEPH B. MARINO, III (29966)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile: (504) 680-4101
TJY@theyoungfirm.com
TDH@theyoungfirm.com
MCM@theyoungfirm.com
JBM@theyoungfirm.com
*Counsel for Plaintiff, Earl K. Lawrence, Jr.*
